**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4314**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM KRISTEN TORAIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:16-cr-00261-PWG-1)

Submitted: March 29, 2019                                      Decided: April 8, 2019

Before MOTZ and FLOYD, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Joanna Silver, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Jessica Caroline Collins, Thomas Patrick Windom, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Kristen Torain appeals his conviction imposed by the district court following a jury verdict finding him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether the district court properly excluded Torain's evidence regarding his proposed insanity defense. Although advised of his right to file a pro se brief, Torain has not done so. We affirm.

"We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Because § 922(g) is a general intent offense, *see, e.g., United States v. McGlothlin*, 705 F.3d 1254, 1263 (10th Cir. 2013), Torain's mental capacity at the time of the offense is admissible only to prove the affirmative defense of insanity as defined in 18 U.S.C. § 17 (2012), *see United States v. Worrell*, 313 F.3d 867, 874 (4th Cir. 2002). Torain has the burden of establishing, by "clear and convincing evidence," 18 U.S.C. § 17(b), that he suffered from "a severe mental disease or defect" rendering him "unable to appreciate the nature and quality or wrongfulness of his acts," *id.* § 17(a). He may make this showing through expert and/or lay testimony. *United States v. Brown*, 792 F.2d 466, 469 (4th Cir. 1986).

Here, the mold inspection report and accompanying medical studies were not relevant to trial issues, falling far short of clear and convincing evidence that the black

2

mold rendered Torain "unable to appreciate the nature and quality or wrongfulness of his acts." 18 U.S.C. § 17(a). And Torain cannot testify to that link on his own because the issue is a matter of scientific, technical, or specialized knowledge under Fed. R. Evid. 702. As the district court noted, Torain's proposed medical studies cannot establish that link either; they are inadmissible hearsay under Fed. R. Evid. 803 and inappropriate for judicial notice under Fed. R. Evid. 201. Finally, the district court's reasoning that "the probative value of [the evidence] would be substantially outweighed by the danger of confusing or misleading the jury" (J.A. 68)[*] was not "arbitrary or irrational," *see Worrell*, 313 F.3d at 872-74. Accordingly, we conclude that the district court did not abuse its discretion in its evidentiary rulings regarding Torain's proposed insanity defense.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Torain, in writing, of the right to petition the Supreme Court of the United States for further review. If Torain requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torain. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A." refers to the joint appendix filed in this court.